**COMMERCIAL UNION INSURANCE COMPANIES**

v.

**Jeannie Di Brino METZINGER and Wayne T. Metzinger.**

**Civ. A. No. 85–5479.**

United States District Court, E.D. Pennsylvania.

March 10, 1986.

---

John J. Marquess, Marquess & Morrison, Philadelphia, Pa., for plaintiff.

Steven Berk, Segal, Wolf, Berk & Gaines, Philadelphia, Pa., for defendants.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Commercial Union Insurance Companies brought this diversity action under 28 U.S.C. § 1332 against its insured Wayne T. Metzinger and his wife, Jeannie Di Brino Metzinger. Plaintiff is seeking a declaration that Mrs. Metzinger is not entitled under her husband's insurance policy to uninsured motorist and/or underinsured motorist benefits for personal injuries and property damage arising out of an automobile accident. Plaintiff also asks this court to enjoin defendants from bringing their claims to arbitration. Plaintiff has now moved for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the court denies plaintiff's motion.

On September 17, 1981, Mrs. Metzinger was driving a vehicle owned by her husband and insured by plaintiff. Mrs. Metzinger's car was involved in an accident with a truck owned and operated by Joseph Dougherty ("Mr. Dougherty"), trading as Doc's Towing ("Doc's"). The truck carried $100,000 liability insurance from another insurer.

Defendants filed suit against Mr. Dougherty and Doc's in the Court of Common Pleas of Philadelphia County, in August, 1983. Their complaint alleged that Mr. Dougherty's truck, negligently operated, caused the accident in which Mrs. Metzinger sustained serious bodily harm. That action is still pending.

By letter of April 15, 1985, defendants advised plaintiff that they were seeking uninsured motorist benefits. Plaintiff then filed suit in this court for a declaratory judgment that Mrs. Metzinger was not entitled to these benefits and an injunction against arbitration of her claims.

Plaintiff does not dispute that Mr. Metzinger's policy insured his wife against bodily injury and property damage caused by accidents involving either underinsured or uninsured vehicles.[1] However, plaintiff contends that under Pennsylvania law an insured cannot claim underinsured benefits if the other vehicle carries at least the minimum insurance required by statute. Defendants concede that Doc's carried at least the then statutory minimum insurance and deny that they are seeking to recover underinsured motorist benefits. Rather, they allege that they are entitled to uninsured motorist benefits because a hit-and-run vehicle was also involved in the accident and Doc's liability insurance is inadequate to compensate Mrs. Metzinger for her losses and injuries. Plaintiff responds that defendants cannot now claim uninsured motorist benefits because in their action in state court they failed to allege that a third vehicle was involved in the accident.[2]

Under Fed.R.Civ.P. 56, the party moving for summary judgment has the burden of establishing that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). Sum-

---

1. The Policy provides as follows:

   We will pay damages which a covered person is legally entitled to recover from the owner or operator of either an uninsured motor vehicle or underinsured motor vehicle, but not both, because of bodily injury:
   1. Sustained by a covered person; and
   2. Caused by an accident.
   
   \* \* \* \* \* \*
   
   "Covered person" as used in this endorsement means:
   1. You or any family member.
   
   \* \* \* \* \* \*
   
   "Uninsured motor vehicle" means a land motor vehicle or trailer of any type: ...

2. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury without hitting:
   a. you or any family member;
   b. a vehicle which you or any family member are occupying; or
   c. your covered auto.
   
   If there is no physical contact with the hit and run vehicle the facts of the accident must be proved.

2. Defendants' policy provides that, "[i]f there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved."

mary judgment is a "drastic remedy" and the court is required to resolve any doubts as to the existence of genuine issues of fact against the moving party. *Id.* Moreover, the inferences to be drawn from the facts set forth in the materials supporting the motion must be viewed in the light most favorable to the party opposing the motion. *Id.*

In support of this motion, plaintiff offers the depositions of Mrs. Metzinger (Exhibit E) and Mr. Dougherty (Exhibit F) taken in the state court proceeding. These depositions fail to demonstrate the absence of a genuine issue of material fact. Mrs. Metzinger and Mr. Dougherty, the driver of Doc's truck, were travelling in opposite directions prior to the accident. Mrs. Metzinger's deposition testimony was that she did not know whether any other vehicle was in front of, alongside, or behind Doc's truck at the time of the accident (Exhibit E, p. 13). Viewed in the light most favorable to defendants, *Hollinger*, 667 F.2d at 405, this admits nothing more than Mrs. Metzinger's lack of knowledge.

Mr. Dougherty's deposition is inconsistent and leaves doubt about the circumstances contributing to the accident to which he would testify at trial. For example, he testified that the back left tire of his truck—the portion of the vehicle closest to the double yellow line—remained in his lane three or four feet from the line. (Exhibit F, p. 14). The truck was turned about thirty degrees to the right. (Exhibit F, p. 26). He also testified that about a foot and a half of the truck extended over the double yellow line and that the sling was the part of the truck that made contact with Mrs. Metzinger's car. (Exhibit F, p. 15). If the tow truck's sling projected about a foot and a half from the rear of the truck (Exhibit F, p. 26) and the back left tire stayed in Mr. Dougherty's lane some three or four feet from the double yellow line (Exhibit F, p. 14), it is not clear that the truck or the sling could have projected into the opposite lane.

Mr. Dougherty also testified that the sling was in his lane and not in the lane in which Mrs. Metzinger had been travelling:

Q: Did the rear of your truck that is, the sling, enter the opposing lane of travel?

A: ... I could not see that far back behind me, but I didn't feel that it was over that far.

Q: You don't feel that it was sticking out in the northbound lanes?

A: No, I don't.

Exhibit F, p. 21.

Mr. Dougherty testified somewhat differently four days after the accident. At the taking of the deposition four years after the accident, he said he had then been unsure exactly how the accident happened:

Q: I'm going to quote from your written statement which you signed four days after the accident. It says, 'I believe that the tow truck sling was in the oncoming traffic lane maybe about a foot, just enough to catch the other car's front headlight.' Do you remember that part of the statement?

A: Yes ...

Q: Is that a correct statement of what happened the night of this accident?

A: I do not believe so, no.

[Counsel for Mr. Dougherty]: Why don't you explain what you mean by that.

A: I was trying to do my best to explain it to the gentleman. He asked me exactly how the accident had happened, what made the accident occur. I was really unsure at the time. I did not know....

\*     \*     \*     \*     \*     \*

Q: Why is your recollection of the accident different today four years after the accident?

A: Well, for the longest time I tried to consider how the accident had happened.... If I felt that I had lost control, I could understand something like that happening, but I do not be-

lieve that my truck had crossed over the double yellow line.

Exhibit F, pp. 24–26.

The only other evidence plaintiff offers in support of its position that no third party caused the accident is Mr. Dougherty's deposition testimony that the police inaccurately reported that he stated at the scene that his truck was forced into oncoming traffic by another car. (Exhibit F, p. 21). In view of the uncertainty as to what Mr. Dougherty's testimony would be at trial, the court cannot, consistently with *Hollinger,* 667 F.2d at 405, conclude that there is now no genuine isue of material fact. The deposition taken as a whole leaves material facts in doubt and the credibility of the witnesses should be determined by the factfinder at trial.

Under Rule 56(e), if "evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary material is presented." Since plaintiff has failed adequately to support its motion, the court must deny it whether or not defendants in opposing the motion set forth specific facts showing there is a genuine issue. *Maldonado v. Ramirez,* 757 F.2d 48, 50 (3d Cir.1985).

The motion is denied.